

**VIA ECF**

May 4, 2026

Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:    *Philadelphia Yearly Meeting of the Religious Society of Friends v. DHS*, No. 25-1512; Rule 28(j) Notice of Supplemental Authority: *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. ___ (Apr. 29, 2026).

Dear Ms. Anowi:

In *Davenport*, the New Jersey Attorney General subpoenaed a religious nonprofit demanding information identifying its donors. Op. 1. The nonprofit alleged that the Attorney General's demand infringed its First Amendment right of expressive association. Op. 3-4. Because the subpoena was not enforceable without an order of the state court, the lower courts concluded that the nonprofit lacked an Article III injury, and so did not have standing. Op. 4-5. In a unanimous opinion, the Supreme Court reversed and held that the subpoena caused an ongoing injury to the nonprofit's expressive-association rights. Op. 10.

*Davenport* reiterated that an injury-in-fact arises "when a defendant burdens a plaintiff's constitutional rights." Op. 11. "[G]overnments can infringe freedom of association in varied ways," Op. 7, and the First Amendment protects against both "heavy-handed frontal attacks" *and* "subtle interference" with expressive association. Op. 20 (quoting *Bates v. Little Rock*, 361 U.S. 516, 523 (1960)) (cleaned up). And courts may make "commonsense inferences" about third-party behavior to determine if a government policy deters individuals from exercising their First Amendment rights. Op. 12 (citing *Diamond Altern. Energy v. EPA*, 606 U.S. 100, 116 (2025)). Against that backdrop, the Court rejected the Attorney General's argument that there was no injury-in-fact because the subpoena did not yet impose any legal obligations. Op. 15. Like the Houses of Worship here, the most that the nonprofit could tell its donors was that they "might be protected" or "might not." Op. 15. And "[o]bjectively reasonable people interested in . . . associating with [the nonprofit] would 'not lightly disregard'" that risk. Op. 15 (quoting *Bantam Books v. Sullivan*, 372 U.S. 58, 68 (1963)).

What's more, contrary to DHS's argument that Article III requires "sustained" and "substantial" declines in attendance, DHS Br. 18, *Davenport* held that the

question "isn't how badly" a defendant has burdened a plaintiff's associational rights, it's whether the defendant "has burdened those rights at all," Op. 19. The Houses of Worship outlined (at 22-24) how DHS's new policy easily clears that bar.

Sincerely,

Bradley Girard
Counsel for Plaintiffs-Appellees