

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

May 5, 2026

**By ECF**

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
100 East Main Street, Suite 501
Richmond, Virginia 23219

> Re:  *Philadelphia Yearly Meeting of the Religious Society of Friends v. DHS*, No. 25-1512

Dear Ms. Anowi:

Defendants submit this letter to respond to plaintiffs' May 4 letter concerning the Supreme Court's decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, 608 U.S. __ (Apr. 29, 2026).

In *Davenport*, the Supreme Court held that a subpoena issued by the Attorney General of New Jersey "command[ing]" a non-profit organization to turn over the names, addresses, phone numbers, and employers of its donors inflicted an Article III injury on the non-profit by burdening its associational rights. Op. 10. *Davenport* does not support plaintiffs' standing here. Unlike the subpoena in *Davenport*, the Huffman Memorandum does not "demand[]" anything of plaintiffs or their members. Op. 1. As the government explained in its briefs, the Huffman Memorandum provides internal guidance to DHS officers regarding enforcement actions at sensitive locations; it does not regulate plaintiffs or direct that any enforcement action be taken against them. Opening Br. 20-26; Reply Br. 8-13. Because the memorandum is not "regulatory, proscriptive, or compulsory in nature," it imposes no Article III injury on plaintiffs. *Laird v. Tatum*, 408 U.S. 1, 11 (1972).

Plaintiffs further err in arguing that *Davenport* relieves them of the burden of showing that they experienced substantial or sustained attendance declines. That obligation follows from the type of injury claimed by

plaintiffs and recognized by the district court: an organizational injury, which occurs when "a defendant's actions impede [an organization's] efforts to carry out its mission." *Lane v. Holder*, 703 F.3d 668, 674 (4th Cir. 2012); *see* Opening Br. 17-18. *Davenport* does not concern organizational standing and thus does not aid plaintiffs here.

Sincerely,

*/s/ Sarah N. Smith*
Sarah N. Smith

cc:    All counsel (via CM/ECF)